IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:20–CR–61–HEH |
| | ) | |
| RUBEN JAVIER CAC-CHON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**
**(Denying Defendant's Motion to Dismiss the Indictment)**

THIS MATTER is before the Court on Ruben Javier Cac-Chon's ("Defendant") Motion to Dismiss the Indictment ("Motion," ECF No. 20). Defendant alleges that 8 U.S.C. § 1326 violates the Fifth Amendment's Due Process Clause due to a discriminatory motivation in its enactment. On June 17, 2020, the Grand Jury indicted Defendant for illegally reentering the United States in violation of § 1326. The Government has filed a Response in Opposition to the Motion (ECF No. 26), and Defendant did not file a reply. The Motion is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J). As explained in further detail below, the Court finds Defendant's argument unpersuasive and the Motion will be denied.

Defendant argues that the Court should declare the illegal reentry statute unconstitutional because racism and eugenics were the primary factors driving the passage of the Undesirable Aliens Act of 1929, which is a predecessor of the statute at

issue. Defendant further argues that this legislative history taints the passage of the Immigration and Nationality Act of 1952 ("INA"), which replaced the Undesirable Aliens Act of 1929. *See* Pub. L. No. 82-414, 66 Stat. 229 (codified as amended at 8 U.S.C. § 1326).

"'[O]ver no conceivable subject is the legislative power of Congress more complete than it is over' the admission of" immigrants. *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (quoting *Oceanic Steam Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909)). "[I]n matters of immigration and naturalization, 'Congress regularly makes rules that would be unacceptable if applied to citizens.'" *Johnson v. Whitehead*, 647 F.3d 120, 127 (4th Cir. 2011) (quoting *Fiallo*, 430 U.S. at 792). Accordingly, courts regularly apply rational basis review when considering the constitutionality of immigration laws. *Midi v. Holder*, 566 F.3d 132, 137 (4th Cir. 2009) ("Although courts usually subject national-origin classifications to strict scrutiny, when such classifications involve unadmitted aliens in the immigration context, we subject them only to rational basis review."). Thus, the issue for this Court is whether § 1326 "is, at a minimum, rationally related to legitimate governmental goals." *Wilkins v. Gaddy*, 734 F.3d 344, 348 (4th Cir. 2013).

Undeniably, the United States has a legitimate interest in deterring illegal reentry. Doing so increases the likelihood of compliance with deportation orders and encourages respect for the legal immigration process. In fact, Defendant in the present matter makes no claim that the United States does not have a legitimate interest in controlling its borders. Furthermore, § 1326 rationally relates to that interest by sanctioning those who disregard a previous deportation order. Thus, § 1326 satisfies rational basis review.

However, the Supreme Court has held that "[w]hen there is a proof that a discriminatory purpose" motivated Congress to pass a law, courts should subject the law to heightened scrutiny. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977). In determining whether a discriminatory purpose motivated Congress to pass the INA, this Court must examine numerous factors, including the law's impact, its historical background, "[t]he specific sequence of events leading up to the challenged decision," the legislature's substantive departures from the normal lawmaking process, and legislative or administrative history. *Id.* at 266–68. If Defendant produces evidence that a discriminatory purpose motivated the INA's passage, then the burden shifts to the Government to prove that the legislature would have passed the law "even had the impermissible purpose not been considered." *Id.* at 270 n.21.

Defendant's argument that Congress had a discriminatory purpose when it passed § 1326 in 1952 is based solely on the legislative history of the Undesirable Aliens Act, which was enacted in 1929. Defendant contends that racism and eugenics were not only a factor, but were the primary factors driving the legislature's passage of the Undesirable Aliens Act. Furthermore, Defendant alleges that the law has a disparate impact on Hispanic individuals. Thus, according to Defendant, the burden shifts under *Arlington Heights* and the Government must demonstrate that the predecessor legislation, the Undesirable Aliens Act of 1929, would have been enacted without the discriminatory purpose. However, as U.S. District Judge Gibney of this Court adeptly pointed out in a recent opinion addressing the same issue, this is not the question Defendant should be asking. *See United States v. Palacios Arias*, No. 3:20-cr-62-JAG, ECF No. 37, at 5–7

3

(E.D. Va. Oct. 13, 2020) (holding that the evidence the defendant presented surrounding the legislative history of the Undesirable Aliens Act of 1929 offered "marginal relevance to the defendant's challenge to the INA, passed by Congress twenty-three years later"). Judge Gibney further noted that only twenty-one members (representing a 96% turnover) of the 70th Congress—responsible for passing the Undesirable Aliens Act of 1929—remained in office during the 82nd Congress, which passed the INA in 1952. *See id.* at 7 n.8. Therefore, even if this Court accepted Defendant's analysis that Congress's primary purpose in passing the Undesirable Aliens Act of 1929 was discriminatory, it would be improvident and inappropriate to use that same basis to infer the intent of the 82nd Congress. *See United States v. Price*, 361 U.S. 304, 313 (1960).

Defendant does not provide any other evidence of racial discrimination to support his present challenge. He does not attempt to argue that the members of the 82nd Congress were guided by the same alleged racial bias. Furthermore, Defendant's reliance on the recent Supreme Court case *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), is misplaced. Defendant argues that *Ramos* supports his contention that the Court should consider the legislative history surrounding a previous law when evaluating whether a subsequent version violates the Equal Protection Clause. However, in *Ramos*, the Court held that Louisiana and Oregon's laws allowing non-unanimous jury convictions violated the Sixth Amendment. *Id.* at 1394, 1408. The majority recognized the racist underpinnings of those laws, but Justice Sotomayor explicitly noted that Ramos did "not bring an equal protection challenge." *Id.* at 1410 (Sotomayor, J., concurring).

Defendant makes no argument that the legislative history of the statute at issue in

4

this case, § 1326, is shrouded by racial bias and cites no authority to support his request that this Court look to a previous law to find the alleged racial bias. Therefore, this Court finds that Defendant has not demonstrated the requisite discriminatory purpose underlying the INA that would necessitate subjecting it to heightened scrutiny. *See Arlington Heights*, 429 U.S. at 265–66. Furthermore, as previously stated, this Court finds that § 1326 satisfies the rational basis review standard.

Accordingly, for these reasons, Defendant's Motion to Dismiss the Indictment is DENIED.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

                                                        /s/
                                        Henry E. Hudson
                                        Senior United States District Judge

Date: Nov. 10, 2020
Richmond, Virginia